DECISION
On December 22, 1976, donor John L. Holden entered into an irrevocable charitable remainder unitrust agreement ("the trust") with the Central Trust Company, N.A., now PNC Bank, N.A. as trustee. The trust provides that, upon the donor's death, assets remaining in the trust are to be distributed to certain charitable organizations in various percentages. The trust reserves to the donor the right to change the beneficiaries or the distributive shares, and specifies the manner in which it must be amended:
 Any such change shall be effected by written instrument, signed by the Donor before two (2) witnesses and acknowledged before a person authorized to administer oaths.
On four occasions between the creation of the trust and his death on December 29, 1998, Holden executed written amendments to the trust. On January 26, 1987, Holden and the trustee executed the first amendment to the trust. This amendment was signed by the donor and the trustee before two witnesses and acknowledged before a person authorized to administer oaths. Attached to the first amendment was the following notarial certification:
 On this 26th day of January, 1987, before me, a notary public in and for said County, and/or State, personally came JOHN L. HOLDEN, to me known and known to me to be the individual described in and who executed the foregoing instrument, who acknowledged to me that he executed the same for the uses and purposes therein set forth. * * *
The second through fourth amendments, executed between April 1992 and May 1997, were signed by the donor and the trustee before two witnesses. These latter amendments, however, did not contain certifications of acknowledgment. The trial court entered a declaratory judgment holding that the second, third and fourth amendments to the trust were ineffective to modify the terms of the trust and the first amendment. Defendants-appellants, the beneficiaries designated in the fourth amendment, now contend that the trial court erred by misinterpreting the amendment provisions of the trust.
When construing provisions of a trust, a court must ascertain, within the bounds of the law, the intent of the donor. See Domov. McCarthy (1993), 66 Ohio St.3d 312, 314, 612 N.E.2d 706, 708. When the language of the trust instrument is not ambiguous, intent can be ascertained from the express terms of the trust itself. See In the Matter of the Trust U/W of Brooke (1998), 82 Ohio St.3d 553,557, 697 N.E.2d 191, 194; see, also, Fifth Third Bank v.Simpson (June 25, 1999), Hamilton App. No. C-980703, unreported, discretionary appeal not allowed (1999), 87 Ohio St.3d 1432,718 N.E.2d 448. In such circumstances, where the intentions of the donor are expressed unambiguously by the terms of the trust, extrinsic evidence is not admissible to interpret the trust. See Restatement of the Law 2d, Trusts (1959), Section 38.
When a donor reserves a power to revoke, alter or amend a trust in a particular manner, he may effectively exercise that power only in the particular manner and under the particular circumstances set forth in the trust. See Magoon v. The Cleveland Trust Co.
(1956), 101 Ohio App. 194, 200, 134 N.E.2d 879, 883; National CityBank v. Barney (Aug. 8, 1991), Cuyahoga App. No. 58886, unreported. Attempted modifications that are not made in compliance with the express terms of the trust are ineffective. See McKibben v. Samuels (Feb. 19, 1999), Hamilton App. No. C-980156, unreported, discretionary appeal not allowed (1999),86 Ohio St.3d 1407, 711 N.E.2d 234.
Defendants-appellants argue that extrinsic evidence in this case demonstrates that the donor's intention was expressed in the fourth amendment to the trust, and that the fourth amendment was acknowledged before a person who was authorized to administer oaths. But extrinsic evidence is not admissible where the trust provisions are plain and unambiguous. See Woodward v. AmeritrustCo. (C.A.6, 1984), 751 F.2d 157, 161; Craft v. Shroyer (1947),81 Ohio App. 253, 258, 74 N.E.2d 589. It is only where the language with respect to the donor's intent is uncertain that a court may look to extrinsic evidence in order to discern intent. See Craft,supra. Pursuant to the express terms of the trust in this case, amendments could only be executed by the donor in a writing signed by him before two witnesses "and acknowledged before a person authorized to administer oaths."
Any words used in the trust are presumed to have their common, ordinary meanings. See Brooke, supra, at 557, 697 N.E.2d 191 at 195. While the term "acknowledged" is not defined by statute, R.C.147.541 defines the phrase "acknowledged before me." The phrase "acknowledged before me" means that (1) the person acknowledging appeared before the person taking the acknowledgment; (2) he acknowledged that he executed the instrument for the purposes therein stated; and (3) the person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate. See R.C. 147.541.
The persons who signed as witnesses to Holden's execution of the fourth amendment were Carolyn Miller and Gayle Naegele. Both were notaries public at the time, but neither signed in her notary capacity. The fourth amendment contains no indication that either witness was a notary public and no indication that the amendment had been acknowledged. However, according to defendants-appellants' interpretation of the statute, an acknowledgment occurs when a person who is known to a notary appears before the notary, signs a document, and states that he has executed the document for the purposes indicated. Defendants-appellants argue that R.C. 147.541 does not require a written certificate evidencing the acknowledgement.
This argument ignores the Uniform Recognition of Acknowledgments Act, in which R.C. 147.541 appears. The Act, which embodies R.C.147.51 through 147.58, makes clear that, in order for a document to be "acknowledged," there must be a written certificate of acknowledgment.
R.C. 147.53 requires that a person taking an acknowledgment certify the following: (1) that the person acknowledging appeared before him and acknowledged that he executed the instrument, and (2) that the person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.
Certification, in turn, is defined in R.C. 147.54, which states,
 The form of a certificate of acknowledgment * * * shall be accepted in this state if:
 (A) The certificate is in a form prescribed by the laws or regulations of this state;
* * * or
 (C) The certificate contains the words "acknowledged before me," or their substantial equivalent.
Finally, R.C. 147.541, the section upon which defendants-appellants base their argument, simply defines the phrase "acknowledged before me."
Clearly, the first amendment was "acknowledged," according to the ordinary meaning of the word. However, the second, third, and fourth amendments to the trust contained absolutely no indication that they had been acknowledged in accordance with the unambiguous terms of the trust.
Defendants-appellants contend that the trust and its four amendments demonstrate that the donor's charitable intent moved away from camping institutions toward educational and medical institutions. However, the governing intention of the donor with respect to effectuating any such change is that which existed at the time of the creation of the trust, not at a later time. See Restatement of the Law 2d, Trusts, (1959), Sections 4 and 164. As the court stated in Magoon, supra:
 In giving effect to the words used, we find an absence of any language which would authorize a revocation, modification or alteration of the trust by will, or from which even an inference to that effect could be drawn. Undoubtedly, the testator intended to revoke and modify the award made in his trust to the named beneficiaries by his will. But to effectively do this, his intentions alone were not sufficient. * * * [A]ny reserved power to revoke, alter or modify a trust must be executed in accordance with its terms. 3 Scott on Trusts, Section 330.8.
The trust itself clearly indicates here that the donor's governing intention was to require two witnesses and an acknowledgment before any amendment could take effect.
Because the second, third and fourth amendments contain no indication that they were acknowledged, we hold that these amendments were ineffective to modify the trust and its first amendment. Because the donor otherwise strictly complied with the express terms of the trust in making the first amendment, we hold that the trial court properly ordered the trustee to distribute the assets in accordance with that amendment.
Therefore, we affirm the judgment of the trial court.
Judgment affirmed.
 Hildebrandt, P.J., and Gorman, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.